IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CODY J. VICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-cv-693 |
| | § | |
| OCCUPATIONAL SAFETY TRAINING | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANT APACHE'S MOTION FOR SUMMARY JUDGMENT**

Cody J. Vice ("Vice") brings this action against Defendants Apache Corporation ("Apache"), Occupational Safety Training, Inc., Lowe Offshore International, Ltd., Lowe Offshore Management, L.L.C., and Island Operating Company, for personal injuries allegedly sustained by Vice while he was working as a rigger on Eugene Island Block 107-A. Apache filed a Motion for Summary Judgment, Vice filed a Response, and Apache filed a Reply. For the reasons articulated below, Apache's Motion is respectfully **DENIED**.[1]

**I. Background**

On January 1, 2006, Vice was employed as a rigger on Eugene Island Block 107-A, a platform owned by Apache. The platform had been damaged by Hurricanes Katrina and Rita, and Vice and his fellow crewmembers were hired to repair hurricane-related damage. One of the items that was allegedly damaged by the hurricanes was a waste discharge pipe. Vice and his fellow crewmembers

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

had been warned that the pipe was leaking onto the lower deck.

On the morning of the incident giving rise to this action, there was allegedly a thick fog and mist that covered the handrails and walkways with condensation. Those who met early in the morning for the regular Safety Meeting decided to delay the start of the workday because of the danger posed by the fog and mist.

An hour later, work commenced. However, Vice claims that his crew soon unilaterally exercised their "stop work" authority because they did not feel it was safe to continue working. Vice claims that "[t]he fog was so thick, we could barely [see]–3 feet in front of–2 feet in front of us. I mean, we could barely see." (Vice Dep. 52.) According to Vice, his supervisor then met with the "production and safety guy" and the "company man," and that, despite the continuing adverse weather conditions, they were ordered to commence work. (Vice Dep. 53.) Vice contends that he and his fellow crewmembers were under the impression that the order to resume work originated from the "company man."

When Vice started working, he claims that he slipped and fell as a result of condensation from the mist and fog, as well as the accumulation of human waste from the broken waste discharge line. He contends that he was holding the handrail at the time, but that both the deck and the handrail were slippery. Vice contends that the fall caused him to suffer bruises, lacerations, and a serious, permanently disabling back injury. Vice claims the order to begin work was made by an Apache employee and that Apache is consequently responsible for his injuries.

Apache filed its Motion for Summary Judgment, claiming that it did not order and could not have ordered the crew to resume working because it did not have any employees on the platform on the date that Vice was injured. Vice opposes Apache's Motion, claiming that two production hands

who worked on the platform and, possibly, the "company man" all worked for Apache. (Vice Dep. 34-36.)

**II. Legal Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2252–53. If the party moving for summary judgment bears the initial burden of proof, "either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the party moving for summary judgment does not bear the initial burden of proof, said party must "inform[] the district court of the basis for its motion, and identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2253. Then, in either case, the non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in a light most favorable to the non-movant and "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S. Ct. 2505, 2511–12, 91 L. Ed. 2d 202 (1986). If the evidence would permit a reasonable fact-finder to find in favor of the non-moving party, summary judgment should not be granted. *Liberty Lobby*, 477 U.S. at 247–48, 106 S. Ct. at 2510. On the other hand, "[i]f the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted." *Id.* at

249–50, 106 S. Ct. at 2511 (citations omitted).

**III. Analysis**

Vice claims that (1) Apache was negligent in failing to repair the broken discharge line; (2) Apache exercised operational control over Vice's employer and forced him to continue to work in unsafe conditions, (3) Apache is liable for the condition of its premises because it was aware of the broken discharge line and did not repair it. Apache argues that Vice has not presented an issue of material fact regarding any of its claims against it and that summary judgment in its favor is appropriate. The Court will discuss each of Vice's claims in turn.

*A. Negligence and Operational Control*

Because the alleged accident occurred on a platform on the Outer Continental Shelf off the coast of Louisiana, the Outer Continental Shelf Lands Act requires the application of Louisiana law, to the extent that it is not in conflict with federal laws and regulations. *See* Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331–1356. Thus, the Court will apply Louisiana negligence law. The Louisiana Supreme Court has "adopted a duty-risk analysis" to determine "whether liability exists under the facts of a particular case." *Mundy v. Dep't of Health & Human Resources*, 620 So.2d 811, 813 (La. 1993).

> Under this analysis plaintiff must prove:
> (1) the conduct in question was the cause-in-fact of the resulting harm
> (2) defendant owed a duty of care to plaintiff
> (3) the requisite duty was breached by the defendant
> (4) the risk of harm was within the scope of protection afforded by the duty breached.

*Id.* (citing *Faucheaux v. Terrebone Consol. Gov't*, 615 So. 2d 289 (La. 1993), and *Mart v. Hill*, 505 So. 2d 1120, 1122 (La. 1987)).

Apache claims that it could not have breached any duty it may have owed Vice because there

4

were no Apache employees on the platform on the day of the alleged accident. Vice disputes Apache's assertion that there were no Apache employees on the platform. Vice claims that he believed the "company man" who met with his supervisor before the crew was allegedly ordered to return to work was an Apache employee. (Vice Dep. 34.) He also testified that two of the production hands were Apache employees. (Vice Dep. 35-36.) He stated that he was certain that these two production hands were employed by Apache because they wore Apache uniforms and had quarters on the Apache rig. (Vice Dep. 36.)

Apache claims that Vice is mistaken, and it offers affidavits stating that there were no Apache employees present. While the Court is open to the possibility that Vice is mistaken regarding the employer of the three men believed to be Apache employees, the Court cannot summarily disregard Vice's deposition testimony simply because Apache offers affidavits that controvert it. The Court must "draw all reasonable inferences in favor of the non-moving party." *Chaplin*, 307 F.3d at 372. It would not be unreasonable for a finder of fact who was presented with testimony that the two production hands who wore Apache uniforms and slept in the Apache rig were Apache employees. Vice claims that his supervisor met with the "production and safety guy and the company man" before his supervisor told them that they needed to "get the job done." (Vice Dep. 53-54.) Thus, a question of fact is presented as to which person ordered the work to continue and who the employer of the ordering person was.[2]

---

[2] Vice also presents an Apache "Loss Occurrence Report Form" upon which two individuals are listed as being Apache employees. However, Apache presents evidence that controverts any argument that these two named individuals are employed by Apache. One is the "safety guy," who Vice admits was employed by a "safety company out of New Iberia." However, Vice claims that two production hands and a "company man" were all Apache employees. Thus, while Apache has presented the Court with evidence that the "safety man" and at least one other individual are not its employees, there are still two unaccounted for individuals

Because there is a question of fact regarding whether there was an Apache employee on the platform on the day of the alleged accident, Apache's argument that it could not have breached any duty because it was not on the platform is disputed sufficiently to preclude summary disposition. Thus, Apache's Motion for Summary Judgment is **DENIED**.

*B. Premises Liability*

Vice claims that Apache is liable as the owner of the platform for not correcting a dangerous condition that was known to it, namely, the broken discharge line. Under Louisiana law, the "owner or custodian of a thing" is not liable "for damage occasioned by its ruin, vice, or defect" unless the owner "knew or, in the exercise of reasonable care, should have known of the . . . defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that [the owner] failed to exercise such reasonable care." LA. CIV. CODE ANN. art. 2317.1; *see also* LA. CIV. CODE ANN. art 2322 (setting forth the same standard for the "owner of a building"). Generally, an owner who hires a person to repair the defective condition is exercising "reasonable care." *See Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272, 277 (concluding that the risk faced by a repairperson in repairing a rusted grating was "entirely reasonable" and that "the community as a whole [wa]s served by the owner's effort to maintain the grating").

Apache claims that it was exercising reasonable care because Vice was hired to perform repairs of hurricane-damaged items, and the discharge line was one of the items on the platform that was damaged by the hurricanes. Furthermore, Apache warned Vice about the dangerous condition.

Vice does not deny that he was warned about the broken discharge line and that he was hired to repair hurricane-related damage. However, he claims that he was not repairing the broken

---

that could be deemed Apache employees by a reasonable fact-finder.

discharge line at the time of the accident. Rather, he was repairing the boat landing. According to Vice, Apache placed the repair of the boat landing "far ahead of the waste discharge line issue." (Pl.'s Resp. 12.)

The statute requires the exercise of *reasonable care*. The Court agrees with Apache that hiring Vice's crew to repair the hurricane-related damage was entirely reasonable. However, if Apache indeed instructed Vice's crew to repair the boat landing—upon which waste from the discharge line was leaking—before they repaired the discharge line, a question of fact arises as to whether this decision was reasonable. If such is the case, did Apache unreasonably put the crew in danger in order to effectuate the boat landing repair first? This is undoubtedly a question for the trier-of-fact.

## IV. Conclusions

In sum, because Vice has presented the Court with questions of fact regarding whether an Apache employee required Vice and his fellow crewmembers to work in dangerous conditions and whether Apache exercised reasonable care with regard to the broken discharge line, Apache's Motion for Summary Judgment is **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 23d day of March, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge